# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2612 | **DATE** | 3/29/2001 |
| **CASE TITLE** | Heller Financial vs. Ohio Savings Bank | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. The Court grants OSB's motion to dismiss the complaint. OSB's alternative request for transfer of this action to the Southern District of Florida is dismissed as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 3 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | 01 MAR 29 PM 4:14 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
MAR 3 0 2001

HELLER FINANCIAL, INC., )
)
Plaintiff, )
)
v. ) 00 C 2612
) Judge George M. Marovich
OHIO SAVINGS BANK, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Heller Financial, Inc. ("Heller") filed a Complaint against Ohio Savings Bank ("OSB") for breach of contract. OSB has moved to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). In the alternative, OSB seeks to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court grants OSB's motion to dismiss the Complaint.

## BACKGROUND

In September 1994, OSB and Heller each entered into loan agreements with Excel Country Club Limited Partnership ("Excel"). OSB, under the terms of its agreement ("OSB Loan Agreement"), leant Excel $3,602,000 secured by a first mortgage on property in Florida which Excel would develop as a subdivision of single family homes ("Property"). Under the agreement, Excel would be

15

considered in default by committing any of the following acts: "(1) the failure to pay any indebtedness due to OSB under the . . . Loan Agreement within five calendar days after becoming due; (2) the failure to perform any terms contained in the . . . Loan Agreement; and (3) the failure to complete construction on the Project as detailed in the . . . Loan Agreement." (Compl. ¶7.) Upon Excel's default, OSB had the right to accelerate the balance due under the Loan Agreement and foreclose on its lien on the Property.

Heller, under the terms of its loan agreement ("Heller Loan Agreement") leant Excel $2,500,000 for the development of the Property. Under the Heller Loan Agreement, Excel warranted "that it would not sell, transfer or assign any part of the [Property]." (Compl. ¶10.) Since Heller's loan was not secured by a mortgage, Heller required OSB to enter "into a Recognition Agreement with Heller whereby OSB agreed that it would not accelerate any indebtedness owed to OSB by Excel, or exercise any other rights or remedies available to OSB upon the occurrence of a curable default by Excel with respect to the [OSB] Loan Agreement, without first serving notice of such default in writing upon Heller and providing Heller the option to cure such default (the "Recognition Agreement")." (Compl. ¶ 11.) The negotiations leading up to the Recognition Agreement took place

over the telephone and via facsimile between representatives of Heller in Illinois and representatives of OSB in Florida. Once finalized, the Recognition Agreement was executed by OSB in Florida then sent to Heller in Illinois where Heller executed it. Heller would not have entered into that agreement, nor would it have loaned Excel $2,500,000 without the Recognition Agreement.

By December 31, 1998, Excel had defaulted under the OSB Loan Agreement by failing to pay certain amounts when they became due and by failing to complete construction on the Property pursuant to the OSB Loan Agreement. Consequently, OSB exercised its right under the OSB Loan Agreement to accelerate the outstanding balance due and foreclosing on its mortgage on the Property pursuant to the OSB Loan Agreement. OSB failed to provide Heller written notice of Excel's default under the OSB Loan Agreement and failed to provide Heller the opportunity to cure Excel's default prior to acceleration and foreclosure. On September 28, 1999, Excel sold the Property.

## DISCUSSION

I. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). When deciding such a motion,

"a court must accept all undenied factual allegations and resolve all factual disputes in favor of plaintiff." Chemical Waste Management, Inc. v. Sims, 870 F. Supp. 870, 871 (N.D. Ill. 1994)(citation omitted).

A federal district court sitting in diversity jurisdiction in Illinois has personal jurisdiction over a non-resident party "only if an Illinois state court could have such jurisdiction." RAR, 107 F.3d at 1275. Under Illinois law, the long-arm statute permits in personam jurisdiction over a party to the extent allowed under federal due process. See 735 Ill. Comp. Stat. 5/2-209(c); Dehmlow v. Austin Fireworks, 963 F.2d 941, 945 (7th Cir. 1992). In addition, the due process guarantees of the Illinois Constitution also must be satisfied before personal jurisdiction may be asserted over an out-of-state defendant. Jamik, Inc. v. Days Inn of Mount Laurel, 74 F. Supp. 818, 821 (N.D. Ill. 1999).

A. Federal Due Process

The Due Process Clause of the Fourteenth Amendment limits personal jurisdiction over non-resident defendants. RAR, 107 F.3d at 1277. Personal jurisdiction may take two forms: specific jurisdiction or general jurisdiction. Specific jurisdiction exists "when the defendant's contacts with the forum are related to the controversy and these contacts reach a minimum threshold." Allied Metal Co. v. Edgerton Metal Prods., Inc., 908 F. Supp.

576, 580 (N.D. Ill. 1995)(citing <u>International Shoe v. Washington</u>, 326 U.S. 310, 316 (1945)). In this case, Heller seeks to invoke specific jurisdiction because it contends that OSB's contacts with Illinois are related to the alleged breach of contract.

In specific jurisdiction cases, a court must decide whether a defendant has "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>International Shoe</u>, 326 U.S. at 316 (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)). These minimum contacts must "result from the actions by the defendant himself that create a 'substantial connection' with the forum state." <u>Burger King v. Rudzewicz</u>, 471 U.S. 462, 475 (1985)(citations omitted). The defendant's connection to the State must be substantial enough that "he should reasonably anticipate being haled into court there." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980). In contract disputes "only the 'dealings between the parties in regard to the disputed contract' . . . are relevant to minimum contact analysis." <u>RAR</u>, 107 F.3d at 1278 (citing <u>Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.</u>, 75 F.3d 147, 153 (3rd. Cir. 1996)). "[A]n out-of-state party's contract with an in-state party is alone not enough to establish the

minimum contacts." Id. at 1277 (citing Burger King, 471 U.S. at 474-75).

Applying these principals to the present action, this Court finds that it would be unreasonable to exercise jurisdiction over OSB, a Florida corporation. While it is the Plaintiff's burden to establish personal jurisdiction, the only "contacts" alleged by Heller is the contract--the Recognition Agreement--and the meager negotiations leading up to that contract. Heller initiated the negotiations, since, by its own admission, it required assurances from OSB before it would agree to make the loan to Excel. (Decl. of Dennis Holland ¶)[1] OSB representatives did not travel to Illinois to negotiate the Recognition Agreement with Heller. Rather, all negotiations took place via telephone and facsimile. Even aggregated, OSB's telephone calls and faxes do not constitute minimum contacts with Illinois. Ameritech Servs., Inc. v. SCA Promotions, Inc., No. 99 C 160, 2000 WL 283098, at *3 (N.D. Ill. March 6, 2000)(citations omitted). OSB's representative signed the agreement in Florida then mailed it to Illinois for Heller's signature. While Heller's signature,

---

[1] When deciding a motion to dismiss for lack of personal jurisdiction, a court may accept affidavits submitted by both parties, but all factual disputes must be resolved in favor of the plaintiff. Saylor v. Dyniewski, 836 F.2d 341, 342 (7th Cir. 1988).

as the last chronologically, actually created the contract, this factor alone is simply not enough to tilt the balance in favor of asserting personal jurisdiction over OSB. Furthermore, the performance contemplated by the Recognition Agreement required OSB to draft a letter in Florida explaining that Excel was in default under the OSB Loan Agreement and giving Heller a chance to cure the default. The fact that this letter would then be mailed to Heller, in Illinois, does not constitute performance in Illinois. See Ameritech, 2000 WL 283098, at *4 (drawing a check in Texas to be mailed to Illinois is not performance in Illinois for the purposes of minimum contacts analysis). In sum, "[t]he contract at issue in this case has no substantial connection with Illinois (other than [plaintiff's] location there which alone is insufficient to support jurisdiction)." RAR, 107 F.3d at 1279.

This Court concludes, therefore, that the facts of this case do not establish adequate minimum contacts such that the exercise of personal jurisdiction over OSB in Illinois is consistent with fair play and substantial justice.

B. <u>Illinois Due Process</u>

The Illinois Constitution's guarantee of due process permits a court to exercise personal jurisdiction over a defendant "only when it is fair, just and reasonable to require a non-resident defendant to defend an action in Illinois, considering the

quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." Rollins v. Elwood, 565 N.E.2d 1302, 1316 (Ill. 1990). When interpreting these principles, a court may look to federal due process analysis as a guide for establishing jurisdiction. Id. The Court finds that the exercise of personal jurisdiction over OSB offends the due process requirements of the Illinois Constitution for the same reasons set forth with respect to the federal due process clause. See United States Gypsum Co. v. All Tank Sales & Supply Co., 977 F. Supp. 1340, 1344 (N.D. Ill. 1997).

Accordingly, OSB's motion to dismiss for lack of personal jurisdiction is granted.

III. Venue

As an alternative to their motion to dismiss for lack of personal jurisdiction, OSB sought to transfer this case to the Southern District of Florida.[2] However, because this Court lacks jurisdiction over the movants, the motion to transfer is dismissed as moot.

---

[2] Transfer is appropriate under 28 U.S.C. § 1404(a) where the moving party demonstrates (1) that venue is proper in the transferor district; (2) that venue is proper in the transferee district; and (3) that the balance of convenience and the interests of justice strongly favor transfer. Bryant v. ITT Corp., 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)(citing Vandevela v. Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)).

## CONCLUSION

For the reasons set forth above, the Court grants OSB's motion to dismiss the Complaint. OSB's alternative request for transfer of this action to the Southern District of Florida is dismissed as moot.

ENTER:

George M. Marovich
United States District Judge

DATED: 3/29/01